Fremont-Smith, J.
Plaintiff has moved the Court to reconsider its Memorandum of Decision and Order, dated March 21, 1994 [1 Mass. L. Rptr. No. 29, 577 (April 11, 1994)], wherein the Court allowed defendants’ motion for summary judgment on Count I of the Complaint (for handicap discrimination under G.L.c. 151B, §9), on the grounds that Chapter 151B, §4(17) provides that “notwithstanding any provision of this chapter, it shall not be an unlawful employment practice for any . . . employer ... to (a) observe the terms of a bona fide seniority system . . . which is not a subterfuge to evade the purposes of this section ...” The Court allowed summary judgment on Count I because the plaintiff had failed to assert or introduce evidence demonstrating that the seniority system was not bona fide or was a subterfuge designed to evade the law.
In its motion to reconsider, however, plaintiff (for the first time) has called the Court’s attention to Lynn Teachers Union Local 1037 v. MCAD, 406 Mass. 515, 525 (1990), wherein the Supreme Judicial Court construed Chapter 151B, §4(17) to be applicable only to age discrimination. Although finding the reasoning of Lynn Teachers difficult to fathom, this Court is constrained to vacate so much of its Memorandum of Decision and Order, dated March 21, 1994, that allowed summary judgment on Count I, and defendant’s motion for summary judgment on Count I is hereby DENIED. Plaintiffs motion to reconsider the Court’s March 21, 1994 Memorandum of Decision and Order is otherwise DENIED.